## CAWOOD v. COE, Com'r of Patents.
## No. 1781.

District Court, of the United States for the District of Columbia.

June 10, 1940.

Judgment Affirmed June 30, 1941.

See 122 F.2d 553.

772

Hodges & Hodges, Vernon E. Hodges, and H. Hamlin Hodges, all of Washington, D. C., for plaintiff.

W. W. Cochran, Sol. of Patent Office, and H. S. Mackey, both of Washington, D. C., for defendant.

BAILEY, District Judge.

1. This is a suit brought under the provisions of Section 4915, R.S., U.S.C.A. title 35, § 63, in which it was sought to have the Court find that the plaintiff, Richard L. Cawood, is entitled to the issuance of a patent on his application Serial No. 67,353, relating to ball mills and containing claims 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10.

2. At the trial claims 1, 2, 3, 5, 6, and 7 were withdrawn by plaintiff as part of the cause of action.

3. The Cawood application in suit discloses a ball mill wherein a steel drum has, spaced around its inner periphery, enlargements or ribs serving to lift the balls to prevent them from sliding on the inner surface of the drum. The ribs are curved in cross-section and are joined to the surface of the drum by relatively long reverse curves.

4. The British patent to Everitt & Co., No. 105,614, discloses a ball mill wherein the cylindrical drum has ribs disposed upon its inner periphery and integral therewith. These ribs are curved in cross-section and join the surface of the drum by a reverse curve.

5. The patent to Jensen, No. 1,291,008, discloses a ball mill wherein a cylindrical drum has an inner lining fastened thereto by means of bolts. The lining is wave-shaped in form having ribs curved in cross-section and meeting the surface of the drum in very long flat reverse curves.

Conclusions of Law.

1. Claims 4, 8, 9 and 10 in suit are unpatentable in view of the patent to Jensen, No. 1,291,008. No invention is involved in making the lining carrying the ribs integral with the surface of the drum. Moreover the British patent to Everitt & Co., 105,614, teaches that the ribs may be made integral with the mill drum.

2. Plaintiff is not entitled to a patent containing any of the claims 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of the Cawood application.

3. The complaint should be dismissed.

Opinion

I agree with the Board of Appeals of the Patent Office in holding that there is no invention in view of the Jensen Patent.

The complaint should be dismissed with costs.